IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Debtor. | § § § § § § § § | Bankruptcy Case No. 19-34054 |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. and NEXPOINT ADVISORS, L.P.,<br><br>    Appellants,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Appellee. | § § § § § § § § § § § § § § § | Civ. Act. No. 3:21-cv-00538-N |
| HIGHLAND GLOBAL ALLOCATION FUND, HIGHLAND INCOME FUND, NEXPOINT CAPITAL, INC., and NEXPOINT STRATEGIC OPPORTUNITIES FUND,<br><br>    Appellants,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Appellee. | § § § § § § § § § § § § § § § § § | Civ. Act. No. 3:21-cv-00539-N |
| JAMES DONDERO,<br><br>    Appellant,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Appellee. | § § § § § § § § § § § § | Civ. Act. No. 3:21-cv-00546-L |

| | |
|---|---|
| GET GOOD TRUST and THE DUGABOY INVESTMENT TRUST, § § § § | |
| Appellants, § § | |
| v. § § | Civ. Act. No. 3:21-cv-00550-L |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § § | |
| Appellee. § § | |

## STIPULATION REGARDING BRIEFING AND HEARING SCHEDULE

This stipulation (the "Stipulation") is made and entered into by and between (i) Highland Capital Management, L.P., as debtor and debtor-in-possession (the "Debtor"); (ii) Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (collectively, the "Advisors"); (iii) Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc. (collectively, the "Funds"); (iv) James Dondero ("Mr. Dondero"); and (v) The Dugaboy Investment Trust and Get Good Trust (collectively, the "Trusts"). The Debtor, the Advisors, the Funds, Mr. Dondero, and the Trusts are referred to collectively as the "Parties" and each individually as a "Party" in this Stipulation.

## RECITALS

WHEREAS, on October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which is currently pending in the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") [Docket No. 186];[1]

WHEREAS, on February 22, 2021, the Bankruptcy Court entered the *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*

---

[1] All docket numbers refer to the docket maintained by the Bankruptcy Court.

*and (II) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order")[2] confirming the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (as amended, supplemented, or modified, the "Plan") of the Debtor;

WHEREAS the Effective Date of the Plan has not yet occurred;

WHEREAS, each of the Advisors, the Funds, Mr. Dondero, and the Trusts filed *Notices of Appeal* [Docket Nos. 1957, 1966, 1970, 1972] appealing the Confirmation Order;

WHEREAS, the Advisors filed the *Motion for Stay Pending Appeal*, Civ. Act. No. 3:21-cv-00538-N, D.I. 2 (N.D. Tex. Apr. 1, 2021) and the Trusts filed the *Motion for Stay Pending Appeal*, Civ. Act. No. 3:21-cv-00550-L, D.I. 6 (N.D. Tex. Apr. 6, 2021) in the District Court for the Northern District of Texas seeking to stay the effectiveness of the Confirmation Order (the "Stay Motions"); and

WHEREAS, to allow time for the Stay Motions to be heard, the Debtor agreed that the Effective Date of the Plan would not occur before April 23, 2021 at 5:00 p.m. (Central Time) and has agreed to a further stay of the Effective Date of the Plan as set forth herein.

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval of this Stipulation by the Court, it shall be SO ORDERED, that:

1. The Effective Date of the Plan will not occur before May 14, 2021, at 5:00 p.m. (Central Time).

2. The Advisors, the Funds, Mr. Dondero, and the Trusts reserve any and all rights that they may have to seek an administrative stay of the Effective Date pending the Court's

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Confirmation Order.

resolution of the Stay Motions, and the Debtor and the Committee reserve all rights to object to any such requests.

3. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

[*Remainder of Page Intentionally Blank*]

Dated:  April 26, 2021.            **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:	jpomerantz@pszjlaw.com
	ikharasch@pszjlaw.com
	jmorris@pszjlaw.com
	gdemo@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Melissa S. Hayward*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**-and-**

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Davor Rukavina*
Davor Rukavina
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: drukavina@munsch.com

*Counsel for Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.*

**-and-**

**HELLER, DRAPER & HORN, L.L.C.**

*/s/ Douglas S. Draper*
Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Facsimile: (504) 299-3399

*Counsel for The Dugaboy Investment Trust and Get Good Trust*